**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-2188**

---

PAULA MAY TOWNSEND,

       Plaintiff - Appellant,

     v.

MARK WILLIAM SHOOK, individually and in his official capacity as Sheriff of Watauga County; WATAUGA COUNTY; WESTERN SURETY COMPANY,

       Defendants - Appellees,

     and

JOHN DOE SURETY,

       Defendant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Dennis L. Howell, Magistrate Judge. (5:06-cv-00070-DLH)

---

Submitted: March 19, 2009      Decided: April 24, 2009

---

Before WILLIAMS, Chief Judge, TRAXLER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Angela Newell Gray, Greensboro, North Carolina, for Appellant. James R. Morgan, Jr., Mary N. Craven, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this sexual harassment/wrongful discharge case alleging various federal and North Carolina state law claims, Paula Townsend (Plaintiff) appeals from the magistrate judge's grant of summary judgment in favor of: (1) Mark Shook, individually and in his official capacity as Sheriff of Watauga County, North Carolina; (2) Watauga County; and (3) Western Surety Company. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.[1]

I.

In 1986, Plaintiff was hired as an administrative clerk for the Watauga County Sheriff's Office by her close family friend, then Sheriff James Lyons (Sheriff Lyons).[2] Under Sheriff Lyons, Plaintiff served as a criminal investigator and later as a detective sergeant in the Watauga County Sheriff's Office.

---

[1] The parties consented to disposition of this case by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

[2] Because Plaintiff's claims on appeal are analyzed under the summary judgment standard, we present the facts in the light most favorable to Plaintiff, as the non-moving party. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004).

In 1998, Sheriff Lyons appointed Plaintiff to the position of Chief Deputy Sheriff. In December 2002, through an election, Mark Shook (Sheriff Shook) became Sheriff of Watauga County. Sheriff Shook immediately reappointed Plaintiff to the position of Chief Deputy Sheriff, although he was under no legal obligation to do so. Plaintiff served in that position until Sheriff Shook terminated her two and a half years later on July 12, 2005.

As Chief Deputy Sheriff under Sheriff Shook, Plaintiff was second in command at the Watauga County Sheriff's Office, wielded the authority to issue commands and directives in the name of Sheriff Shook, and served as the acting Sheriff in Sheriff Shook's absence. Moreover, as Chief Deputy Sheriff, Plaintiff was the policy administrator for the Watauga County Sheriff's Office, heavily involved in drafting policy and making sure that such policies were carried out. In her position, Plaintiff was also responsible for handling all internal investigations; drafting and administering the office budget; and chairing the office hiring committee. Sheriff Shook, who had the sole power to appoint Plaintiff to the position of Chief Deputy Sheriff, also had the sole power to demote or terminate her.

In support of her allegations of sexual harassment, Plaintiff presented evidence that, on numerous occasions

throughout her tenure as Chief Deputy Sheriff, Sheriff Shook attempted to engage her romantically through physical and verbal advances. On each occasion, Plaintiff rebuffed his advances.

For example, on New Years' Eve 2002, while sitting alone in a patrol car during a stakeout of a methamphetamine lab, Sheriff Shook pulled Plaintiff towards him and started fondling one of her breasts and kissing her. Plaintiff pulled away and told Sheriff Shook that he "d[id]n't need to be doing that." (S.J.A. 37). Sheriff Shook responded that he had been crazy about Plaintiff since high school and that he had "always had a thing for [her]." Id.

Sheriff Shook engaged in similar behavior towards Plaintiff while the two attended an out-of-town training conference in April 2003. Plaintiff again rebuffed Sheriff Shook's sexual advances. Also in April 2003, Sheriff Shook gave Plaintiff a note expressing his romantic feelings for her at a time when he believed his life was in danger as a result of death threats. Another incident of aggressive sexual advances by Sheriff Shook towards Plaintiff happened in 2003 in Sheriff Shook's office. On other occasions, Sheriff Shook touched Plaintiff's hair and shoulders and attempted to hold her hand.

Sheriff Shook also occasionally told dirty jokes in Plaintiff's presence and, in January or February of 2004, told Plaintiff of a sexual fantasy that he had involving her.

- 5 -

Sheriff Shook also occasionally made derogatory comments about Plaintiff or women in general in her presence.

In contending that Plaintiff was terminated for a legitimate, nondiscriminatory reason, Sheriff Shook presented evidence that over the course of Plaintiff's service as Chief Deputy Sheriff during his administration, Plaintiff was increasingly absent from work and generally behaved in a manner that caused her to lose the respect and trust of many members of the Watauga County Sheriff's Office. Plaintiff acknowledges that she was warned of this situation by Sheriff Shook on several occasions and that she was advised by him to take measures to earn the trust and respect of the deputies.

According to Sheriff Shook, Plaintiff's professional failings culminated in a magazine article that featured her in early July 2005, which angered many members of the Watauga County Sheriff's Office. According to Sheriff Shook, this was the final straw which resulted in his asking Plaintiff to resign her position as Chief Deputy Sheriff, and when she declined to do so, he terminated her on July 12, 2005. In rebuttal, Plaintiff contends that the reasons given by Sheriff Shook were not legitimate, nondiscriminatory reasons, but were a mere pretext for unlawful discrimination.

On June 13, 2006, Plaintiff filed the present action against Sheriff Shook in both his official capacity as Sheriff

of Watauga County and in his individual capacity, also naming as defendants Watauga County and John Doe Surety. The complaint alleged two federal claims and four state law claims. With respect to her federal claims, Plaintiff alleged sexual harassment and wrongful discharge because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., along with a concurrent § 1983 claim, 42 U.S.C. § 1983, against all defendants. Plaintiff alleged the following three claims against all defendants under North Carolina law: (1) wrongful discharge in violation of North Carolina public policy, as stated in North Carolina General Statute § 143-422.2, because she rebuffed Sheriff Shook's sexual advances; (2) common law negligent infliction of emotional distress; and (3) common law intentional infliction of emotional distress. In her fourth state law claim, Plaintiff alleged common law negligent supervision and retention of Sheriff Shook by Watauga County.

Sheriff Shook counterclaimed against Plaintiff for defamation. Plaintiff then filed an Amended Complaint on December 12, 2006, substituting Western Surety Company, the surety on Sheriff Shook's official bond obtained pursuant to North Carolina General Statute § 162-8, for John Doe Surety as a defendant.

After the close of discovery, Sheriff Shook, Watauga County, and Western Surety Company (collectively Defendants) moved for summary judgment on all claims. Plaintiff moved for summary judgment with respect to Sheriff Shook's counterclaim for defamation. The magistrate judge first determined that Plaintiff fell within Title VII's exclusion of protection for "any person chosen . . . to be on [the] personal staff" of "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof . . . ." 42 U.S.C. § 2000e(f). On this basis, the magistrate judge granted summary judgment in favor of Defendants with respect to Plaintiff's Title VII and § 1983 claims and dismissed, for lack of subject matter jurisdiction, such claims without prejudice to Plaintiff filing a claim with the Equal Employment Opportunity Commission (EEOC) based upon the same allegations under the Government Employee Rights Act of 1991 (GERA), 42 U.S.C. § 2000e-16a et seq. The magistrate judge also granted summary judgment in favor of Defendants with respect to Plaintiff's North Carolina common law claims alleging negligent infliction of emotional distress and wrongful discharge in violation of North Carolina public policy, as stated in North Carolina General Statute § 143-422.2, because she would not accede to the sexual advances of Sheriff Shook, and dismissed such claims with prejudice. Moreover, the magistrate judge granted summary

- 8 -

judgment in favor of Watauga County with respect to Plaintiff's claim alleging negligent supervision and retention and dismissed such claim with prejudice. Finally, the magistrate judge dismissed Plaintiff's claim alleging intentional infliction of emotional distress and Sheriff Shook's counterclaim for defamation without prejudice to their respective abilities to refile such claims in state court in accordance with 28 U.S.C. § 1367(c)(3).

Plaintiff timely noted the present appeal challenging the adverse dispositions of her Title VII claim, § 1983 claim, North Carolina public policy claim, and negligent infliction of emotional distress claim. We address each claim in turn.


II.

We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of Plaintiff, the non-moving party. Hill, 354 F.3d at 283. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

III.

Plaintiff first contends the magistrate judge erred in determining that she fell under Title VII's exclusion of protection for the personal staff of an elected official, and therefore, reversibly erred by granting summary judgment in favor of Defendants with respect to her Title VII claim and her § 1983 claim and by dismissing such claims for lack of subject matter jurisdiction. While we agree with Plaintiff that the magistrate judge erroneously held that the court lacked subject matter jurisdiction over Plaintiff's Title VII and § 1983 claims, we hold that such error was harmless and affirm the judgment on these claims.

Title VII defines the term "employee," in relevant part, as:

> an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff . . . .

42 U.S.C. § 2000e(f) (emphasis added). "The reach of Title VII's personal staff exclusion is a question of federal, not state, law." Cromer v. Brown, 88 F.3d 1315, 1322 (4th Cir. 1996). In determining whether Plaintiff falls within Title VII's personal staff exclusion, "[a] fact-specific examination of [Plaintiff's] role is what is required," and "[i]n general,

- 10 -

the examination should focus on whether the employee worked in an intimate and sensitive position of trust, close to the elected official." Id. at 1323. See also id. (setting forth non-rigid list of factors for consideration in fact-specific examination of plaintiff's role).

Here, a fact-specific examination of Plaintiff's role as Chief Deputy Sheriff, focusing on whether she worked in an intimate and sensitive position of trust, close to Sheriff Shook, results in our conclusion that Plaintiff falls under Title VII's exclusion of protection for the personal staff of an elected official. As Chief Deputy Sheriff under Sheriff Shook, Plaintiff was second in command at the Watauga County Sheriff's Office, wielded the authority to issue commands and directives in the name of Sheriff Shook, and served as the Acting Sheriff in Sheriff Shook's absence. Moreover, as Chief Deputy Sheriff, Plaintiff was the policy administrator for the Watauga County Sheriff's Office, requiring her to be heavily involved in drafting policy and in making sure that such policies were carried out. Plaintiff also was responsible for handling all internal investigations; drafting and administering the office budget; and chairing the office hiring committee. Sheriff Shook, who had the sole power to appoint Plaintiff to the position of Chief Deputy Sheriff, also had the sole power to demote or discharge her. Under the totality of the

circumstances just outlined, Plaintiff's position as Chief Deputy Sheriff was quintessentially an "intimate and sensitive position of trust, close to [Sheriff Shook]." Id. As such, Plaintiff is excluded from coverage under Title VII and her Title VII claim fails as a matter of law.

We note that the crux of Plaintiff's argument below and on appeal is that after several months in her position as Chief Deputy Sheriff, she was Chief Deputy Sheriff on paper only and that Sheriff Shook relied on her more as a friend with whom he would confide personal feelings, rather than professionally, based on their respective positions. We agree with the magistrate judge's reasoning in rejecting this argument: "such an argument, if accepted, would eliminate the exclusion to any member of any elected official's personal staff inasmuch as a loss of trust and intimacy would be the forerunner of most terminations." (J.A. 220).

Turning to the subject matter jurisdiction issue, we hold that application of Title VII's personal staff exclusion does not present a lack of subject matter jurisdiction issue. See Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) (holding that Title VII's provision limiting its application to businesses with fifteen or more employees was not jurisdictional, on the basis that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the

restriction as nonjurisdictional in character"). Rather, at the summary judgment stage, it presents the issue of whether a Title VII plaintiff can prevail as a matter of law. <u>Cromer</u>, 88 F.3d at 1324. Here, Plaintiff's § 1983 claim also fails as a matter of law, because Plaintiff based such claim solely upon her ability to prevail upon her Title VII claim. Accordingly, we affirm the magistrate judge's entry of summary judgment in favor of Defendants with respect to Plaintiff's Title VII and § 1983 claims, and his dismissal of such claims without prejudice to Plaintiff filing a claim under the GERA with the EEOC, based upon the same allegations.

## IV.

Plaintiff next contends the magistrate judge committed reversible error by granting summary judgment in favor of Defendants with respect to her North Carolina state law claim alleging that she was wrongfully discharged in violation of North Carolina public policy, as stated in North Carolina General Statute § 143-422.2, because she would not accede to the sexual advances of Sheriff Shook. We agree with Plaintiff's contention with respect to Sheriff Shook, sued in both his individual and official capacities, and with respect to Western Surety Company. However, we affirm the grant of summary

judgment in favor of Watauga County, albeit on a different ground than that upon which the magistrate judge relied.

According to North Carolina General Statute § 143-422.2, known as North Carolina's Equal Employment Practices Act (NCEEPA):

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

Id.[3]

In Smith v. First Union Nat'l Bank, 202 F.3d 234 (4th Cir. 2000), we held that there is no private right of action under NCEEPA for sexual harassment. Id. at 247. Subsequently, in McLean v. Patten Communities, Inc., 332 F.3d 714 (4th Cir. 2003), we held that a plaintiff does have a private cause of action under North Carolina common law for violation of public policy, specifically NCEEPA, when an employee is discharged because she has refused to accede to the sexual advances of her supervisor. Id. 722. The distinguishing feature between the claim disallowed in Smith and the claim allowed in McLean is that the claim allowed in McLean alleged a wrongful discharge because of the plaintiff's refusal of sexual favors to her

---

[3] Defendants do not dispute that Watauga County Sheriff's Office has over fifteen employees.

supervisor, while the claim disallowed in Smith did not allege wrongful discharge, just sexual harassment.

Here, the magistrate judge relied upon Smith in granting Defendants' motion for summary judgment with respect to Plaintiff's North Carolina public policy claim, with no mention of McLean. Based upon McLean, we: (1) vacate the judgment below to the extent the magistrate judge granted summary judgment in favor of Sheriff Shook, sued in both his individual and official capacities, and Western Surety with respect to Plaintiff's claim alleging wrongful discharge in violation of North Carolina public policy, as stated in North Carolina General Statute § 143-422.2, because she rebuffed Sheriff Shook's sexual advances and to the extent the magistrate judge dismissed such claim with prejudice; and (2) remand for further proceedings consistent with this opinion.[4]

We affirm the judgment below in favor of Watauga County with respect to Plaintiff's North Carolina public policy claim on the basis that, under North Carolina law, Sheriff Shook, and

---

[4] We express no opinion on Sheriff Shook's claim to governmental immunity in his official capacity, which argument the magistrate judge did not reach below. We also express no opinion on Western Surety Company's argument that, although Plaintiff named it as a defendant in her Amended Complaint, she nevertheless failed to assert a cause of action against it pursuant to North Carolina General Statute § 58-76-5. The record on appeal does not disclose whether Western Surety Company raised this argument below.

not Watauga County, had exclusive responsibility for discharging Plaintiff.  Knight v. Vernon, 214 F.3d 544, 552-53 (4th Cir. 2000) ("Although the county board of commissioners may fix the number of salaried employees within the sheriff's office, the sheriff 'has the exclusive right' under N.C. Gen. Stat. § 153A-103 (1998) 'to hire, discharge, and supervise the employees in his office.'  North Carolina courts interpret this statute to preclude county liability for personnel decisions made by sheriffs.").


V.

Lastly, Plaintiff argues that the magistrate judge committed reversible error by entering summary judgment in favor of Defendants with respect to her claim alleging negligent infliction of emotional distress.  Plaintiff's argument is without merit.

A claim for negligent infliction of emotional distress under North Carolina common law has three elements:  (1) the defendant engaged in negligent conduct; (2) that such negligent conduct would cause the plaintiff severe emotional distress was foreseeable to the defendant; and (3) the negligent conduct, in fact, caused severe emotional distress.  Holleman v. Aiken, 668 S.E.2d 579, 591 (N.C. Ct. App. 2008).  The magistrate judge granted summary judgment in favor of Defendants with respect to

Plaintiff's negligent infliction of emotional distress claim on the following basis:

> In this case, the only evidence plaintiff has to support this claim is the same evidence giving rise to her claim for intentional infliction of emotional distress. Plaintiff simply has alleged no negligent acts on the part of any defendant and has provided no evidence of any act of negligence.

(J.A. 227). After reviewing the record on appeal, we completely agree with the magistrate judge's analysis of this claim. Accordingly, we affirm the magistrate judge's grant of summary judgment in favor of Defendants with respect to Plaintiff's negligent infliction of emotional distress claim and the dismissal of such claim with prejudice.

                                VI.

In summary, we: (1) affirm entry of summary judgment in favor of Defendants with respect to Plaintiff's Title VII claim, but note that the magistrate judge committed harmless error when he held the court lacked subject matter jurisdiction over such claim; (2) affirm entry of summary judgment in favor of Defendants with respect to Plaintiff's § 1983 claim, but note that the magistrate judge committed harmless error when he held the court lacked subject matter jurisdiction over such claim; (3) affirm entry of summary judgment in favor of Watauga County with respect to Plaintiff's North Carolina public policy claim;

(4) vacate the entry of summary judgment in favor of Sheriff Shook and Western Surety Company with respect to Plaintiff's North Carolina public policy claim and remand for further proceedings consistent with this opinion; and (5) affirm entry of summary judgment in favor of Defendants with respect to Plaintiff's negligent infliction of emotional distress claim. We note that the magistrate judge remains free on remand to dismiss, without prejudice, Plaintiff's North Carolina public policy claim, pursuant to 28 U.S.C. § 1367(c)(3). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
